CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KENNETH EVANS, )
)
Petitioner, ) Case No. 7:25-cv-00614
)
v. ) **MEMORANDUM OPINION**
)
MARDEN GILLEY, ) By: Hon. Thomas T. Cullen
) United States District Judge
Respondent. )

Petitioner Kenneth Evans, who is proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Marden Gilley. (*See* ECF No. 1.) For the following reasons, Evans's petition will be denied as moot.

## I. BACKGROUND

In his petition, Evans claims that the Federal Bureau of Prisons ("BOP") has "wrongfully deni[ed] [him] time already served on [his] current sentence." (ECF No. 1.) In terms of relief, Evans requests that the court order the BOP to correct his release date. (*Id.*)

The BOP's website confirms that Evans is no longer in federal custody. *See* https://www.bop.gov/inmateloc (indicating that Kenneth Evans # 14233-510 is "[n]ot in BOP custody as of: 07/17/2026") (last visited Aug. 20, 2026).

## II. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of federal courts to only "Cases" or "Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v Cuno*, 547 U.S. 332, 341 (2006)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91

(quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013).

A petitioner's release from custody after filing a § 2241 petition can moot the petition. "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance." *Gross v. Unknown*, No. 7:22-cv-00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2007)). Though a petitioner's release does not automatically render his habeas corpus petition moot, "[p]etitions under § 2241 generally challenge the execution of a federal prisoner's sentence, and both the Fourth Circuit and [district courts within this circuit] have dismissed sentence-focused habeas petitions as moot after a petitioner was released from custody." *James v. Janson*, No. 9:22-cv-03452, 2023 WL 3958437, at *2 (D.S.C. May 26, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 3948566 (D.S.C. June 12, 2023).

The Fourth Circuit has recognized two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The first, the "collateral consequences" exception, applies "where a conviction results in collateral consequences sufficient to create 'a substantial stake in the . . . conviction which survives the satisfaction of the sentence.'" *Id.* (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). The second, the "capable of repetition, yet evading review" exception, applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*

(quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Where neither exception applies, a petitioner's release will moot his § 2241 petition seeking release. *See Gross*, 2023 WL 3026734, at *1.

Here, the court can no longer award the specific relief Evans seeks (*i.e.*, correction of his release date) because he has already been released. And nothing in the § 2241 petition indicates that he faces collateral consequences because of the allegedly improper release date calculation or that he is likely to be subjected to the same circumstances again. Accordingly, Evans's petition is moot, and there is no longer an actual controversy for the court to adjudicate. *See Maxey v. Warden, FCI Petersburg*, No. 1:09-cv-00443, 2010 WL 1703731, at *1 (E.D. Va. Apr. 26, 2010) (dismissing § 2241 petition seeking good-time and prior-custody credit as moot after petitioner's release even though he remained on supervised release); *see also Rush v. Heckard*, No. 5:23-cv-00368, 2025 WL 1943742, at *3 (S.D. W.Va. June 16, 2025), *report and recommendation adopted*, 2025 WL 1932514 (S.D. W.Va. July 14, 2025) ("Petitioner's claims were rendered moot by virtue of his release from custody . . . and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed.").

## III. CONCLUSION

For the reasons set forth above, Evans's § 2241 petition will be denied as moot.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Evans.

**ENTERED** this 21st day of August, 2026.

*<u>/s/ Thomas T. Cullen</u>*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE